1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## EASTERN DISTRICT OF CALIFORNIA

10

11 | TIMOTHY MORGRET, et al.,

12 |        Plaintiffs,

13 |        v.

14 | APPLUS TECHNOLOGIES, INC., et al.,

15 |        Defendant.

16
17
18
19
20

)
)  Case No.: 1:13-CV-01801  LJO JLT
)
)  SCHEDULING ORDER (Fed. R. Civ. P. 16)
)
)  Class Discovery Deadlines:
)       Non Expert:  11/7/14
)       Expert:  1/16/15
)
)  Mid-Discovery Status Conference:
)       8/19/2014 at 9:00 a.m.
)
)  Class Certification Motion Deadlines:
)       Filing:  2/13/15
)       Opposition:  3/20/15
)       Reply briefs:  4/17/15
)       Hearing:  5/21/15, 9:00 a.m.

21 **I.    Magistrate Judge Consent: Notice of Congested Docket and Court Policy of Trailing**

22        Due to the District Judges' heavy caseload, the newly adopted policy of the Fresno Division of

23 the Eastern District is to trail all civil cases.  The parties are hereby notified that for a trial date set

24 before a District Judge, the parties will trail indefinitely behind any higher priority criminal or older

25 civil case set on the same date until a courtroom becomes available.  The trial date will not be reset to a

26 continued date.

27        The Magistrate Judges' availability is far more realistic and accommodating to parties than that

28 of the U.S. District Judges who carry the heaviest caseloads in the nation and who must prioritize

criminal and older civil cases over more recently filed civil cases.  A United States Magistrate Judge may conduct trials, including entry of final judgment pursuant to 28 U.S.C. § 28 U.S.C. 636(c), Federal Rule of Civil Procedure 73, and Local Rule 305.  Any appeal from a judgment entered by a United States Magistrate Judge is taken directly to the United States Court of Appeal for the Ninth Circuit.

The Fresno Division of the Eastern District of California, whenever possible, is utilizing United States Article III District Court Judges from throughout the nation as Visiting Judges.  Pursuant to the Local Rules, Appendix A, such reassignments will be random, and the parties will receive no advance notice before their case is reassigned to an Article III District Court Judge from outside of the Eastern District of California.

Therefore, the parties are directed to consider consenting to Magistrate Judge jurisdiction to conduct all further proceedings, including trial.  **Within 10 days** of the date of this order, counsel **SHALL** file a consent/decline form (provided by the Court at the inception of this case) indicating whether they will consent to the jurisdiction of the Magistrate Judge.

## II.    Discovery Plan and Cut-Off Date

The parties are ordered to complete all class discovery pertaining to non-experts on or before **November 7, 2014**, and all class discovery pertaining to experts on or before **January 16, 2015**.

The parties are directed to disclose all class-related expert witnesses, in writing, on or before **November 21, 2014**, and to disclose all rebuttal experts on or before **December 19, 2014**.[1]  The written designation of retained and non-retained experts shall **be made pursuant to Fed. R. Civ. P. Rule 26(a)(2), (A), (B), and (C) and shall include all information required thereunder**.  Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

The provisions of Fed. R. Civ. P. 26(b)(4) and (5) shall apply to all discovery relating to experts and their opinions.  Experts must be fully prepared to be examined on all subjects and opinions included in the designation.  Failure to comply will result in the imposition of sanctions, which may include striking the expert designation and preclusion of expert testimony.

---

[1] This matter is related to Moore v. Valley Industrial, case number 1:13-cv-01875 LJO JLT.  The Court expects that Plaintiffs' counsel in this case and the Moore case will coordinate discovery propounded on Defendant and that all depositions will be conducted jointly with the Moore case.

The provisions of Fed. R. Civ. P. 26(e) regarding a party's duty to timely supplement disclosures and responses to discovery requests will be strictly enforced.

A mid-discovery status conference is scheduled for **August 19, 2014** at 9:00 a.m. before the Magistrate Judge Jennifer L. Thurston, U.S., located at 510 19th Street, Bakersfield, California.  A Joint Mid-Discovery Status Conference Report, carefully prepared and executed by all counsel, shall be electronically filed in CM/ECF, one full week prior to the Conference, and shall be e-mailed, in Word format, to JLTorders@caed.uscourts.gov.  Counsel may appear via CourtCall, providing a written request to so appear is made to the Magistrate Judge's Courtroom Clerk no later than five court days before the noticed hearing date.

**III.     Pre-Trial Motion Schedule**

No written discovery motions shall be filed without prior approval of the assigned Magistrate Judge.  A party with a discovery dispute must first confer with the opposing party in a good faith effort to resolve by agreement the issues in dispute.  If that good faith effort is unsuccessful, the moving party promptly shall seek a telephonic hearing with all involved parties and the Magistrate Judge.  It shall be the obligation of the moving party to arrange and originate the conference call to the court.  To schedule this telephonic hearing, the parties are ordered to contact Courtroom Deputy Clerk, Susan Hall at (661) 326-6620 or via email at SHall@caed.uscourts.gov.  **Counsel must comply with Local Rule 251 with respect to discovery disputes or the motion will be denied without prejudice and dropped from calendar.**

In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 144(e).  However, if counsel does not obtain an order shortening time, the notice of motion *must* comply with Local Rule 251.

Counsel may appear and argue non-dispositive motions via CourtCall, providing a written request to so appear is made to the Magistrate Judge's Courtroom Clerk no later than five court days before the noticed hearing date.

**IV.     Motions for Summary Judgment or Summary Adjudication**

Prior to filing a motion for summary judgment or motion for summary adjudication the parties are **ORDERED** to meet, in person or by telephone, and confer to discuss the issues to be raised in the

1   motion **at least 21 days before** the filing of the motion.

2   The purpose of the meeting shall be to: 1) avoid filing motions for summary judgment where a

3   question of fact exists; 2) determine whether the respondent agrees that the motion has merit in whole

4   or in part; 3) discuss whether issues can be resolved without the necessity of briefing; 4) narrow the

5   issues for review by the court; 5) explore the possibility of settlement before the parties incur the

6   expense of briefing a summary judgment motion; 6) to arrive at a joint statement of undisputed facts.

7   The moving party shall initiate the meeting and provide a draft of the joint statement of

8   undisputed facts.  **In addition to the requirements of Local Rule 260, the moving party shall file a**

9   **joint statement of undisputed facts.**

10  In the notice of motion the moving party shall certify that the parties have met and conferred as

11  ordered above, or set forth a statement of good cause for the failure to meet and confer.

12  The hearing on the dispositive motion SHALL be set at least seven weeks after the filing of the

13  motion.

14  **V.   Motion for Class Certification**

15  The motion for class certification SHALL be filed no later than **February 13, 2015**.[2]

16  Opposition to the motion SHALL be filed no later than **March 20, 2015**. Neither the motion nor the

17  opposition SHALL exceed 25 pages, exclusive of evidence.  Any reply SHALL be filed no later than

18  **April 17, 2015**.  Any objections to the evidence SHALL be filed at the same time as the opposition (for

19  Defendant) or the reply (for Plaintiffs).[3]  A hard-copy, courtesy copy of all filings SHALL be sent via

20  overnight mail to the Chambers of Judge Thurston at the United States Courthouse, 510 19th Street

21  Suite 200, Bakersfield, CA 93301, at the same time the filing is submitted.  All of the evidence in the

22  hard-copy SHALL be numbered, tabbed and indexed.

23  The hearing on the motion for class certification is set on **May 21, 2015**, at 9:00 a.m. before

24  Judge Thurston.

25  ///

26

27  ─────────────────────

[2] In the event the motion for class certification is filed earlier, the opposition SHALL be filed within five weeks o fhte

28  filing of the motion and the reply, if any, SHALL be filed within four weeks thereafter.  The hearing SHALL be set
    not less than 13 weeks after the filing of the motion.
[3] No motions to strike evidence will be entertained.  If objections are sustained, the evidence will not be considered.

## VI.    **Compliance with Federal Procedure**

All counsel are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and to keep abreast of any amendments thereto.  The Court must insist upon compliance with these Rules if it is to efficiently handle its increasing case load, and sanctions will be imposed for failure to follow both the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.

## VII.    **Effect of this Order**

The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to dispose of this case.  The hearing date reserved is specifically reserved for this case. If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.

**The dates set in this Order are considered to be firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation.  Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.**

Failure to comply with this order may result in the imposition of sanctions.


IT IS SO ORDERED.

Dated:   __March 5, 2014__                    _____/s/ Jennifer L. Thurston_____
UNITED STATES MAGISTRATE JUDGE