ROBERT M. DAWSON (BAR NO. 81790)
JOHN C. GRAY (BAR NO. 267686)
**FULBRIGHT & JAWORSKI LLP**
555 South Flower Street
Forty-First Floor
Los Angeles, California  90071
Telephone:   (213) 892-9200
Facsimile:    (213) 892-9494
robert.dawson@nortonrosefulbright.com
john.gray@nortonrosefulbright.com

Attorneys for Defendant
VALLEY INDUSTRIAL X-RAY AND
INSPECTION SERVICES, INC.

ALEXANDER I. DYCHTER (SBN 234526)
**DYCHTER LAW OFFICES, APC**
1010 Second Avenue, Suite 1835
San Diego, California 92101
Telephone: (619) 487-0777
Facsimile:  (619) 330-1827
alex@dychterlaw.com

Attorneys for Plaintiff
TIMOTHY MORGRET

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| TIMOTHY MORGRET, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>APPLUS TECHNOLOGIES, INC.; VALLEY INDUSTRIAL X-RAY AND INSPECTION SERVICES, INC.; and DOES 1 through 10,<br><br>Defendants. | Case No. 1:13-cv-01801-JLT<br><br>Related Case 1:13-cv-01875-JLT<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>(Doc. 24) |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Local Rule 141.1, plaintiff Timothy Morgret ("Plaintiff" or "Morgret") and defendant Valley Industrial X-Ray And Inspection Services, Inc. ("Defendant" or "Valley" and, together with Plaintiff, the "Parties"), jointly stipulate and request the entry of a protective order, as follows:

## 1. Description of Information and Need for Protection

This Protective Order is intended to limit the disclosure of private, confidential information of or regarding non-parties to this action and/or the parties' employees and customers. It is also intended to preclude the disclosure of proprietary business information and/or trade secrets. Information subject to protection may include but is not limited to confidential cost and sales information pertaining to Defendant's services; confidential information about the equipment and/or processes used by Defendant in the course of its business; Social Security numbers and/or financial information of Defendant's current and former employees (including but not limited to putative class members); and/or healthcare information (including but not limited to drug-and-alcohol information) regarding Plaintiff and/or other employees. Protection of such information is warranted under California and federal law, including but not limited to the constitutional right to privacy set forth in the California Constitution, Article I, section 1. In addition, a court order is warranted by the number of putative class members in this action and the risk that a party or non-party whose confidential information is disclosed would be inadequately protected by an agreement between the named parties.

## 2. Scope of Protection

This Protective Order shall govern any record of information produced in this action and designated pursuant to this Protective Order, including all designated deposition testimony, all designated testimony taken at a hearing or other proceeding, all designated deposition exhibits, interrogatory answers, admissions, documents and other discovery materials, whether produced informally or in

1  response to interrogatories, requests for admissions, requests for production of
2  documents, other formal methods of discovery, or any required disclosures pursuant
3  to any federal rule or Local Rule and any supplementary disclosures thereto.

4      This Protective Order shall apply to the parties and to any nonparty from
5  whom discovery may be sought who desires the protection of this Protective Order.
6  Nonparties may challenge the confidentiality of the protected information by filing
7  a motion to intervene and a motion to de-designate.

8      **3.     Definitions**

9      (a)     The term PROTECTED INFORMATION shall mean
10 confidential or proprietary technical, scientific, financial, business, health, or
11 medical information designated as such by the producing party.

12     (b)     The term CONFIDENTIAL INFORMATION – ATTORNEYS
13 EYES ONLY, shall mean PROTECTED INFORMATION that is so designated by
14 the producing party.  The designation CONFIDENTIAL - ATTORNEYS EYES
15 ONLY may be used only for the following types of past, current, or future
16 PROTECTED INFORMATION:  (1) sensitive business information, including the
17 identity of suppliers, distributors, and potential or actual customers and other non-
18 public financial or marketing information, including but not limited to cost and
19 pricing information; (2) sensitive personal or financial information, including but
20 not limited to Social Security, tax, and/or healthcare information; and/or (3) any
21 other PROTECTED INFORMATION the disclosure of which to non-qualified
22 people subject to this Protective Order the producing party reasonably and in good
23 faith believes would likely cause harm.

24     (c)     The term CONFIDENTIAL INFORMATION shall mean all
25 PROTECTED INFORMATION that is not designated as "CONFIDENTIAL -
26 ATTORNEYS EYES ONLY" information.

27     (d)     The term EXPERT shall refer to any person who is not a party
28 to this action and/or not presently employed by the receiving party or a company

affiliated through common ownership, who has been designated by the receiving party to receive another party's PROTECTED INFORMATION. Each party's EXPERTS shall be limited to such person as, in the judgment of that party's counsel, are reasonably necessary for development and presentation of that party's case. These persons include outside experts or consultants retained to provide technical or other expert services such as expert testimony or otherwise assist in trial preparation.

**4.  Disclosure Agreements**

Each receiving party's EXPERT(S) shall sign a disclosure agreement in the form attached hereto as Exhibit A. Copies of any disclosure agreement in the form of Exhibit A signed by any EXPERT to whom PROTECTED INFORMATION is disclosed shall be provided to the other party promptly after execution unless such EXPERT has not been designated as a testifying expert, in which event counsel for the party disclosing the PROTECTED INFORMATION to the EXPERT shall retain a copy of the disclosure agreement until (i) such time as the expert is designated as a testifying expert, upon which designation a copy of the agreement shall be provided to the other party, or (ii) at least one year after this action (including any appeals and/or related actions) has concluded.

**5.  Designation of Information**

(a) Documents and things produced or furnished during the course of this action shall be designated as containing CONFIDENTIAL INFORMATION by placing on each page, each document (whether in paper or electronic form), or each thing a legend substantially as follows:

"CONFIDENTIAL INFORMATION"

(b) Documents and things produced or furnished during the course of this action shall be designated as containing information which is CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY by placing on

each page, each document (whether in paper or electronic form), or each thing a legend substantially as follows:

CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY

(c) During discovery a producing party shall have the option to require that all or batches of materials be treated as containing CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY during inspection and to make its designation as to particular documents and things at the time copies of documents and things are furnished.

(d) A party may designate information disclosed at a deposition as CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY by requesting the reporter to so designate the transcript at the time of the deposition.

(e) A producing party shall designate its discovery responses, responses to requests for admission, briefs, memoranda and all other papers sent to the Court or to opposing counsel as containing CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY when such papers are served or sent.

(f) A party shall designate information disclosed at a hearing or trial as CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY by requesting the Court, at the time the information is proffered or adduced, to receive the information only in the presence of those persons designated to receive such information and Court personnel, and to designate the transcript appropriately.

(g) The parties will use reasonable care to avoid designating any documents or information as CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY that is not entitled to such designation or which is generally available to the public. The parties shall designate only that part of a document or deposition that is

CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY, rather than the entire document or deposition.

### 6.  Disclosure of Protected Information

Information that has been designated CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY shall be disclosed by the receiving party only to Qualified Recipients.  All Qualified Recipients shall hold such information received from the disclosing party in confidence, shall use the information only for purposes of this action and for no other action, and shall not use it for any business or other commercial purpose.  All information that has been designated CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY shall be carefully maintained so as to preclude access by persons who are not qualified to receive such information under the terms of this Order.

### 7.  Qualified Recipients

For purposes of this Order, "Qualified Recipient" means:

(a) for CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY:

(1)  Outside counsel of record for the parties in this action, and the partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in the action, outside copying services, document management services and graphic services;

(2)  Court officials involved in this action (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court);

(3)  Any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

(4)   Any EXPERT employed or retained by the outside counsel of record, subject to the requirements in Paragraph 4 above; and/or

(5)   Any witness during the course of discovery, so long as it is stated on the face of the document being disclosed that the witness to whom a party is seeking to disclose the document was either an author, recipient, or otherwise involved in the creation of the document.  Where it is not stated on the face of the document being disclosed that the witness to whom a party is seeking to disclose the document was either an author, recipient, or otherwise involved in the creation of the document, the party seeking disclosure may nonetheless disclose the document to the witness, provided that:  (i) the party seeking disclosure has a reasonable basis for believing that the witness in fact received or reviewed the document, (ii) the party seeking disclosure provides advance notice to the party that produced the document, and (iii) the party that produced the document does not inform the party seeking disclosure that the person to whom the party intends to disclose the document did not in fact receive or review the documents.  Nothing herein shall prevent disclosure at a deposition of a document designated CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY to the officers, directors, and managerial level employees of the party producing such PROTECTED INFORMATION, or to any employee of such party who has access to such PROTECTED INFORMATION in the ordinary course of such employee's employment.

(b)  for CONFIDENTIAL INFORMATION:

(6)   In-house counsel for a party to this action who are acting in a legal capacity and who are actively engaged in the conduct of this action, and the secretary and paralegal assistants of such counsel to the extent reasonably necessary;

(7)   The insurer of a party to litigation and employees of such insurer to the extent reasonably necessary to assist the party's counsel to afford the

insurer an opportunity to investigate and evaluate the claim for purposes of determining coverage and for settlement purposes; and/or

   (8) Employees of the parties.

**8. Use of Protected Information**

  (a) In the event that any receiving party's briefs, memoranda, discovery requests, requests for admission, or other papers of any kind which are served or filed shall include another party's CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY, the papers shall be appropriately designated pursuant to paragraph 5 and shall be treated accordingly.

  (b) All documents, including attorney notes and abstracts, which contain another party's CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY shall be handled as if they were designated pursuant to paragraph 5.

  (c) Documents, papers, and transcripts containing any other party's CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY shall not be filed with the Court unless filed under seal pursuant to Local Rules 141 and 141.1(e).

  (d) To the extent that documents are reviewed by a receiving party prior to production, any knowledge learned during the review process will be treated by the receiving party as CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY until such time as the documents have been produced, at which time any stamped classification will control. No photograph or any other means of duplication, including but not limited to electronic means, of materials provided for review prior to production is permitted before the documents are produced with the appropriate stamped classification.

  (e) In the event that any question is asked at a deposition with respect to which a party asserts that the answer requires the disclosure of

CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY, such question shall nonetheless be answered by the witness fully and completely.  Prior to answering, however, all persons present shall be advised of this Order by the party making the confidentiality assertion, and, in the case of information designated as CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY at the request of such party, all persons who are not allowed to obtain such information pursuant to this Order, other than the witness, shall leave the room during the time in which this information is disclosed or discussed.

(f) Nothing in this Protective Order shall bar or otherwise restrict outside counsel from rendering advice to his or her client with respect to this action and, in the course thereof, from relying in a general way upon his examination of materials designated CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY, provided, however, that in rendering such advice and in otherwise communicating with his or her clients, such counsel shall not disclose the specific contents of any materials designated CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY.

**9.  Inadvertent Failure to Designate**

(a) In the event that a producing party inadvertently fails to designate any of its information pursuant to paragraph 5, it may later designate by notifying the receiving parties in writing.  The receiving parties shall take reasonable steps to see that the information is thereafter treated in accordance with the designation.

(b) It shall be understood, however, that no person or party shall incur any liability hereunder with respect to disclosure that occurred prior to receipt of written notice of a belated designation.

57831370.1                              - 9 -
STIPULATED PROTECTIVE ORDER

DOCUMENT PREPARED
ON RECYCLED PAPER

**10.    Challenge to Designation**

(a)    Any receiving party may challenge a producing party's designation at any time.  A failure of any party to expressly challenge a claim of confidentiality or any document designation shall not constitute a waiver of the right to assert at any subsequent time that the same is not in-fact confidential or not an appropriate designation for any reason.

(b)    Notwithstanding anything set forth in paragraph 3, any receiving party may disagree with the designation of any information received from the producing party as CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY.  In that case, any receiving party desiring to disclose or to permit inspection of the same beyond the limits of this Order may request the producing party in writing to change the designation, stating the reasons in that request.  The producing party shall then have five (5) business days from the date of receipt of the notification to:

(i)    advise the receiving parties whether or not it persists in such designation; and

(ii)    if it persists in the designation, to explain the reason for the particular designation.

(c)    If its request under subparagraph (b) above is turned down, or if no response is made within five (5) business days after receipt of notification, any producing party may then move the Court for a protective order or any other order to maintain the designation.  The burden of proving that the designation is proper shall be upon the producing party.  If no such motion is made within five (5) business days, the information will be de-designated to the category requested by the receiving party.  In the event objections are made and not resolved informally and a motion is filed, disclosure of information shall not be made until the issue has been resolved by the Court (or to any limited extent upon which the parties may agree).

DOCUMENT PREPARED ON RECYCLED PAPER

(d) No party shall be obligated to challenge the propriety of any designation when made, and failure to do so shall not preclude a subsequent challenge to the propriety of such designation.

(e) With respect to requests and applications to remove or change a designation, information shall not be considered confidential or proprietary to the producing party if:

    (i) the information in question has become available to the public through no violation of this Order; or

    (ii) the information was known to any receiving party prior to its receipt from the producing party; or

    (iii) the information was received by any receiving party without restrictions on disclosure from a third party having the right to make such a disclosure.

## 11. Inadvertently Produced Privileged Documents

The parties hereto also acknowledge that, regardless of the producing party's diligence, an inadvertent production of attorney-client privileged or attorney work product materials may occur. In accordance with Fed. R. Civ. P. 26(b)(5) and Fed. R. Evid. 502, they therefore agree that, if a party through inadvertence produces or provides discovery that it believes is subject to a claim of attorney-client privilege or attorney work product, the producing party may give written notice to the receiving party that the document or thing is subject to a claim of attorney-client privilege or attorney work product and request that the document or thing be returned to the producing party. The receiving party shall return to the producing party such document or thing. Return of the document or thing shall not constitute an admission or concession, or permit any inference, that the returned document or thing is, in fact, properly subject to a claim of attorney-client privilege or attorney work product, nor shall it foreclose any party from moving the Court pursuant to

Fed. R. Civ. P. 26(b)(5) and Fed. R. Evid. 502 for an Order that such document or thing has been improperly designated or should be produced.

**12. Inadvertent Disclosure**

In the event of an inadvertent disclosure of another party's CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY to a non-Qualified Recipient, the party making the inadvertent disclosure shall promptly upon learning of the disclosure: (i) notify the person to whom the disclosure was made that it contains CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY subject to this Order; (ii) make all reasonable efforts to preclude dissemination or use of the CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY by the person to whom disclosure was inadvertently made including, but not limited to, obtaining all copies of such materials from the non-Qualified Recipient; and (iii) notify the producing party of the identity of the person to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to ensure against the dissemination or use of the information.

**13. Limitation**

This Order shall be without prejudice to any party's right to assert at any time that any particular information or document is or is not subject to discovery, production or admissibility on the grounds other than confidentiality.

**14. Conclusion of Action**

(a) At the conclusion of this action, including through all appeals, each party or other person subject to the terms hereof shall be under an obligation to destroy or return to the producing party all materials and documents designated CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY and to certify to the producing party such destruction

or return. Such return or destruction shall not relieve said parties or persons from any of the continuing obligations imposed upon them by this Order.

(b) Notwithstanding the foregoing, after this action, trial counsel for each party may retain one archive copy of all documents and discovery material even if they contain or reflect another party's PROTECTED INFORMATION. Trial counsel's archive copy shall remain subject to all obligations of this Order.

### 15. Production by Third Parties Pursuant to Subpoena

Any third party producing documents or things or giving testimony in this action pursuant to a subpoena, notice, or request may designate said documents, things, or testimony as CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY. The parties agree that they will treat such PROTECTED INFORMATION produced by third parties according to the terms of this Order.

### 16. Compulsory Disclosure to Third Parties

If any receiving party is subpoenaed in another action or proceeding or served with a document or testimony demand or a court order, and such subpoena or demand or court order seeks PROTECTED INFORMATION of a producing party, the receiving party shall give prompt written notice to counsel for the producing party and allow the producing party an opportunity to oppose such subpoena or demand or court order prior to the deadline for complying with the subpoena or demand or court order. No compulsory disclosure to third parties of information or material exchanged under this Order shall be deemed a waiver of any claim of confidentiality, except as expressly found by a court or judicial authority of competent jurisdiction.

### 17. Jurisdiction to Enforce Protective Order

After the termination of this action, the Court will continue to have jurisdiction to enforce this Order.

**18. Modification of Protective Order**

This Order is without prejudice to the right of any person or entity to seek a modification of this Order at any time either through stipulation or Order of the Court.

**19. Confidentiality of Party's own Documents**

Nothing herein shall affect the right of the designating party to disclose to its officers, directors, employees, attorneys, consultants or experts, or to any other person, its own information. Such disclosure shall not waive the protections of this Protective Order and shall not entitle other parties or their attorneys to disclose such information in violation of it, unless by such disclosure of the designating party the information becomes public knowledge. Similarly, the Protective Order shall not preclude a party from showing its own information, including its own information that is filed under seal by a party, to its officers, directors, employees, attorneys, consultants or experts, or to any other person.

Dated:     April ___, 2014          **FULBRIGHT & JAWORSKI LLP**

By _____
JOHN C. GRAY
Attorneys for Defendant
VALLEY INDUSTRIAL X-RAY
AND INSPECTION SERVICES, INC.

Dated:     April ___, 2014          **DYCHTER LAW OFFICES, APC**
**UNITED EMPLOYEES LAW GROUP, PC**

By _____
ALEXANDER I. DYCHTER
Attorneys for Plaintiff
TIMOTHY MORGRET

DOCUMENT PREPARED ON RECYCLED PAPER

1
2  IT IS SO ORDERED.
3     Dated:   **April 28, 2014**                    **/s/ Jennifer L. Thurston**
4                                                     UNITED STATES MAGISTRATE JUDGE