1
2
3
4
5
6
7
8
9
10
11

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY MORGRET, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>APPLUS TECHNOLOGIES, INC.; VALLEY INDUSTRIAL X-RAY AND INSPECTION SERVICES, INC., and DOES 1 through 10,<br><br>Defendants. | Case No. 1:13-cv-01801-JLT<br><br>Judge: Magistrate Jennifer L. Thurston<br><br>**CLASS ACTION**<br><br>**DECLARATION OF MELISSA MEADE ON BEHALF OF PHOENIX SETTLEMENT ADMINISTRATORS** |

I, Melissa Meade, declare as follows:

1. I am the Director of Operations at Phoenix Settlement Administrators ("PSA"), the Court-appointed Class Action Settlement Administrator for *Timothy Morgret v. Valley Industrial X-Ray and Inspection Services, Inc. (Case No. 1:13-cv-01801-JLT)*. I have personal knowledge of the facts stated herein and, if called upon to testify, I could and would testify competently to such facts.

2. PSA was selected by the Parties to provide notice of the Settlement and class administration duties in this action. Pursuant to the Settlement Agreement for this matter, PSA was responsible for **(i)** preparing, printing, and mailing the *Notice of Proposed Class Action Settlement* (herein referred to collectively as the "Notice Packet"); **(ii)** responding to inquiries from Class Members; **(iii)** determining the validity of opt-outs and receiving objections; **(iv)** calculating the Net Settlement Amount ("NSA") and the individual settlement payments; **(v)** issuing the individual settlement payment checks and distributing them to participating Class Members; **(vi)** issuing the payment to Class Counsel for attorneys' fees and costs, the Enhancement check to Named Plaintiff, the payment to the State of California for the PAGA payment, and the employer's share of payroll taxes to the appropriate taxing authorities; and, **(vii)** such other tasks as set forth in the Agreement or as the Parties mutually agree or as the Court orders.

3. PSA received the Court-approved text for the Notice documents from Plaintiff's Counsel on March 13, 2015.

4. PSA finalized a 4-page Notice. PSA received written approval from both parties and a sufficient number were printed to mail to all Class Members. Attached hereto as **Exhibit "A"** is a true and correct copy of the Notice Packet.

5. On March 9, 2015, PSA received a data file from Defense Counsel that contained names, last known mailing addresses, telephone numbers, Social Security numbers, and dates of employment for each Class Member during the Class Period (*i.e.* the "Class List"). The final mailing list contained Five Hundred Ninety-Five (595) Class Members.

///

///

///

6. On March 18, 2015, PSA conducted a National Change of Address (NCOA) search in an attempt to update the addresses as listed on the Class List as accurately as possible. A search of this database provides updated addresses for any individual who has moved in the previous four years and notified the U.S. Postal Service of their change of address.

7. The Notice Packets were enclosed in envelopes with names and last known addresses printed on them. On March 20, 2015, the Notice Packets were mailed via U.S. first class mail to all 595 Class Members. The Notice Packet advised Class Members that they could do nothing and receive a settlement check, submit an "objection" to the settlement, or submit an "Opt-Out" letter to be excluded from the settlement and not receive a settlement check. The Notice Packet also informed Class Members that they could submit a letter and/or documentation for purposes of disputing their total class-wide workweek counts as listed on the Notice. The deadline listed on the Notice for Class Members to submit an opt-out request letter, file an objection, or dispute their workweek count was May 8, 2015.

8. As of May 8, 2015, three (3) Notice Packets have been returned to PSA as "undeliverable." Those with a forwarding address were forwarded accordingly. For the Notice Packets returned from the post office without a forwarding address, PSA attempted to locate a current mailing address using TransUnion TLOxp, one of the most comprehensive address databases available for skip tracing searches. As of the date of this Declaration, no Notice Packets remain undeliverable.

9. As of May 8, 2015, PSA has received the following from Class Members:

    A. One (1) "opt-out" request.

    B. Zero (0) "objections" to the settlement.

    C. Six (6) inquiries regarding the class definition and workweek calculations, which were answered by PSA based upon information provided by Defendant's counsel and reviewed by Plaintiff's counsel. (*see* ¶10 for a complete explanation on the workweek objection from Mr. Michael Joseph Parra).

10. On May 7, 2015, PSA received documents from Mr. Michael Joseph Parra relating to an objection of his stated workweek count. Mr. Parra's workweek count pursuant to Defendant's own employment records was four (4). Mr. Parra believed that his workweek count should have been 163.

After discussing the documents provided by Mr. Parra to Plaintiff's counsel and counsel for VIXR, I was informed by Plaintiff's counsel that he spoke with Mr. Parra on the afternoon of May 7, 2015, to inquire as to his workweek dispute and to explain to Mr. Parra that the Settlement <u>did not</u> include workweeks during the time period when Mr. Parra worked as a "Safety Technician," and only his workweeks as a "Technician" were applicable to the Settlement. I was informed by Plaintiff's counsel that Mr. Parra was satisfied with the explanation, still wanted to remain a participating Class Member and receive money for the 4 workweeks, and his objection to the workweek count was "*withdrawn.*" At approximately 3:10 p.m. on May 7, 2015, I spoke with Mr. Parra to confirm that he was satisfied with the response he received from Plaintiff's counsel regarding the workweek count, that he still wanted to be a Class Member, and that his objection to the stated workweek count was being "*withdrawn.*" Mr. Parra **confirmed** his "*withdrawal*" of the workweek objection.

11. In summary, as of the date of this Declaration PSA will report a total of **one (1)** valid "opt-out" was received. This represents *0.16%* of the class.

12. PSA's estimated costs associated with the administration of this matter are **$10,570.00**. This includes all costs incurred to date, as well as estimated costs involved in completing the settlement distribution. Currently, the total NSA available to Class Members is **$1,822,500.00**, less applicable employee tax withholdings. Based on a *pro rata* distribution of the NSA to all participating Class Members, the highest individual settlement payment is estimated to be **$8,927.66** and the average individual settlement payment is estimated to be **$3,068.18**.

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct.

Executed this 8st day of May, 2015, at Newport Beach, California.

_____
MELISSA MEADE

# Exhibit A

*Morgret v. Valley Industrial X-Ray and Inspection Services, Inc.*
United States District Court, E.D. CA
*(Case No. 1:13-CV-01801-JLT)*

# NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND FINAL SETTLEMENT HEARING

YOU HAVE BEEN IDENTIFIED AS BEING A SETTLEMENT CLASS MEMBER IN A CLASS ACTION AS YOU HAVE WORKED FOR "VALLEY INDUSTRIAL X-RAY AND INSPECTION SERVICES, INC." (hereinafter called "VIXR") IN THE STATE OF CALIFORNIA AS A TECHNICIAN OR ASSISTANT TECHNICIAN AT ANY TIME SINCE NOVEMBER 6, 2009 *THROUGH* JANUARY 21, 2015.

PSA ID: <<ID>>
<<EmployeeName>>
<<Address>>
<<City>>, <<State>> <<Zip>>

**YOU ARE NOT BEING SUED, AND THIS LAWSUIT IS NOT AGAINST YOU. VIXR AGREED TO THIS SETTLEMENT. YOUR RIGHTS MAY BE AFFECTED AND YOU MAY BE ENTITLED TO RECEIVE MONEY – PLEASE READ THIS NOTICE!**

**TO:** ALL PERSONS WHO WORKED FOR VIXR as a Technician or Assistant Technician in California at any time between November 6, 2009 *to* January 21, 2015 (the "Class Members"). A judge has granted Preliminary Approval to a proposed settlement of a class action lawsuit against VIXR (the "Class Action").

## A.    DESCRIPTION OF THE CLASS ACTION

On November 6, 2013, Plaintiff Timothy Morgret filed a class action lawsuit against VIXR alleging violations of California laws for unpaid wages for all time worked (including a claim under federal law for unpaid overtime wages), failing to provide duty-free meal breaks, and related damages and penalties. From the outset of the Class Action, VIXR has denied, and continues to deny, all of Plaintiff's claims. The Court has not ruled on the merits of the claims or defenses.

Both sides recognize, however, the risks, expenses and business disruption of continued litigation and therefore, the parties and their counsel have agreed to resolve their differences by entering into a settlement of the Class Action lawsuit which the Court has now preliminarily approved (the "Settlement"). The parties participated in settlement discussions, including a full day of mediation on January 21, 2015 before the Honorable Edward Infante (*Ret.*), a highly respected neutral, third-party mediator. As a result of the settlement discussions, the parties reached a settlement.

The parties have since entered into a Joint Stipulation and Settlement, which the Court has given preliminary approval. The Court believes that the settlement summarized by this notice is fair, reasonable, and adequate and is in the best interests of the Class Members.

The Settlement represents a compromise and settlement of highly disputed claims. Nothing in the settlement is intended or will be construed as an admission by VIXR that the claims in the Class Action have merit or that VIXR has any liability to Plaintiff or to the Class Members. Plaintiff and VIXR, and their respective counsel, have concluded and agree that, in light of the risks and uncertainties to each side of continued litigation, the settlement is fair, reasonable and adequate, and is in the best interests of the Class Members and VIXR.

The Court has also appointed the lawyers for Timothy Morgret as "Class Counsel" to represent Class Members affected by the Settlement. They are:

| | |
|---|---|
| Alexander I. Dychter, Esq. | Walter L. Haines, Esq. |
| **DYCHTER LAW OFFICES, APC** | **United Employees Law Group, PC** |
| 1010 Second Ave., Suite 1835 | 5500 Bolsa Ave., Suite 201 |
| San Diego, California 92101 | Huntington Beach, California 92649 |
| Telephone: (619) 487-0777 | Telephone: (562) 256-1047 |

- Counsel for Defendant VIXR is: Robert M. Dawson, Esq., **NORTON ROSE FULBRIGHT US LLP**, 555 South Flower Street, Forty-First Floor, Los Angeles, California 90071.

- The Court-appointed Settlement Claims Administrator is: Phoenix Settlement Administrators.

## B. SUMMARY OF PROPOSED SETTLEMENT TERMS

Subject to the Court's Final Approval, a summary of the terms of the Settlement include:

### 1. Class Settlement Amount:

VIXR will pay a settlement amount of $2,500,000 (the "Class Settlement Amount") which is intended to be used to pay the following: (1) the share of the Settlement of each of the approximately 572 Class Members who do not opt-out of the Settlement (*see* Para. C, below); and (2) the class action settlement administration costs in an amount not to exceed $15,000 (*if finally approved by the Court*), the costs incurred by Class Counsel in an amount not to exceed $20,000 (*if finally approved by the Court*), an enhancement fee to the named plaintiff to compensate him for the time, work, and risks undertaken in bringing this Class Action in an amount not to exceed $10,000 (*if finally approved by the court*), and Class Counsel's reasonable attorneys' fees in an amount not to exceed $625,000 (*if finally approved by the Court*).

### 2. Distribution Formula:

Each Settlement Class Member's share of the Settlement will be calculated based upon the <u>number of weeks</u> the Class Member worked from November 6, 2009 *to* January 21, 2015 (the "Class Period") in comparison to the number of weeks received by other Class Members' during the Class Period. The formula for calculating the value of a workweek is as follows:

　　i) After deducting from the "Class Settlement Amount" the combined total of any court awarded attorneys' fees and costs, settlement administration costs, incentive award to the named plaintiff, and a payment of $7,500 to the State of California for penalties under the Private Attorney General Act statute ("PAGA" penalties), the remaining sum is the "Net Settlement Amount."

　　ii) The approximate 572 Settlement Class Members will have their respective number of workweeks during the Class Period added together. Then, each Settlement Class Member will be assigned a *pro rata* percentage share of the total number of class-wide workweeks during the Class Period. The amount ultimately approved for a Settlement Class Member's individual share will be multiplied by each Settlement Class Member's percentage share, the result of which will be each Settlement Class Member's individual claim share (which shall be allocated as *1/2* towards wages and *1/2* towards penalties and interest). If a Settlement Class Member does not participate in the Settlement, then that Settlement Class Member's respective *pro rata* percentage share of the Net Settlement Amount will be re-distributed to those participating Settlement Class Members. All employer payroll taxes due on the wage portion of the Settlement share will be paid by VIXR separate and apart from this settlement. An IRS Form W-2 will be issued for the wage portion and an IRS Form 1099 will be issued for the interest & penalties portion.

NOTE: Nothing in this Notice or the Settlement is intended to constitute tax advice. You should consult your tax advisor for any tax issues pertaining to this Settlement.

### 3. Your Estimated Share of the Net Settlement Amount:

According to the records maintained by VIXR, you were employed by VIXR in California as a Technician and/or Assistant Technician during the class period (*i.e.* between November 6, 2009 *to* January 21, 2015) for a total of <<Workweeks>> class-wide weeks. Your approximate share of the Net Settlement Amount is <<estAmount>>. If there are no objections to the proposed Settlement, and if the Court grants the Settlement final approval, it is anticipated that your share of the Settlement will automatically be mailed to you in June, 2015.

If you dispute the number class-wide weeks listed above you will need to provide documentation to support your claim of a different number of eligible workweeks. Your dispute along with your documentation should be mailed directly to the Settlement Claims Administrator postmarked no later than **May 8, 2015.**

Morgret v. VIXR<br>
c/o Phoenix Settlement Administrators<br>
PO Box 27907<br>
Santa Ana, CA 92799<br>
(888) 613-5553

## C. OPTIONS UNDER THE SETTLEMENT

You have three (3) options under the Settlement: **1) DO NOTHING** and automatically receive money; **2)** opt-out from the settlement; or, **3)** object to the settlement.

- **Option 1.    Do Nothing and Receive Money**

If you do nothing you will **automatically** be entitled to your share of the net settlement fund as detailed above in *Section 3* and you will **automatically** receive a check in the mail.

- **Option 2.    Opt-Out from the Settlement**

If you **do not** wish to take part in the Settlement, you must complete, sign and mail an "Opt-Out Letter" to the Settlement Claims Administrator that will state your full name, telephone number, last four digits of your social security number (for identity verification purposes), and an unequivocal signed and dated statement that you choose not to be part of the Settlement Class and not to participate in the Settlement. The delivery date is deemed to be the date the letter is deposited in the U.S. mail as evidenced by the postmark. The time to Opt-Out will not increase for returned mailings. Mail the Opt-Out Letter directly to the Settlement Claims Administrator at the address directly below, postmarked no later than **May 8, 2015.**

Morgret v. VIXR
c/o Phoenix Settlement Administrators
PO Box 27907
Santa Ana, CA 92799
(888) 613-5553

If you timely mail a completed Opt-Out Letter, you will **not** receive any money, you will **not** be bound by the Settlement or by any judgment entered in this Lawsuit, you will **not** be precluded from prosecuting a timely individual claim against VIXR based on the conduct complained of in this Lawsuit, and you will **not** be allowed to object to the Settlement as explained below.

- **Option 3.    Object to the Settlement**

As long as you do not "opt-out" from the settlement, you have the right to object to the settlement. To do so, you must send to the Court, the attorneys for the parties whose addresses are listed below, and the Settlement Claims Administrator whose address is above your objection in writing and the objection must be postmarked no later than **May 8, 2015.** The objection must state: (a) your full legal name, home address, telephone number, last four digits of your social security number (for identity verification purposes); (b) the words "Notice of Objection" or "Formal Objection;" (c) in clear and concise terms, the legal and factual arguments supporting the objection; and, (d) a list identifying the witness(es) the objector may call to testify at the Fairness Hearing and true and correct copies of any exhibit(s) the objector intends to offer. Your objection should be directed to the Hon. Jennifer L. Thurston, United States District Court – Eastern District of California, 510 19th Street, Bakersfield, California 93301 and must reference case number *1:13-cv-01801-JLT*

## D.    RELEASE OF LIABILITY

If finally approved by the Court, each Settlement Class Member, including you, if you do not "opt-out" from the Settlement, will be bound by all of the terms of the Settlement, including a release of all claims in the First Amended Class Action Complaint filed on April 17, 2014, which will prevent you from suing VIXR for the matters being settled in the Class Action. You will be releasing the claims and causes of action asserted in the operative Complaint on file in the Class Action between November 6, 2009 *to* January 21, 2015, or which could have been alleged based on the facts set forth in the operative Complaint, related to allegations that you failed to receive all wages for all hours worked at the lawful rate of pay, that you failed to receive duty-free meal breaks, that you failed to receive all owed wages upon termination of employment, that you failed to receive compliant wage statements, and any and all associated damages, interest and penalties, attorneys' fees and costs arising from and related to those claims in the Class Action, whether any of these claims are known or unknown, suspected or unanticipated, which any of the Settlement Class Members has, or had against VIXR in the Class Action. For a complete statement and the details of the scope of all claims being released please refer to the Settlement language, a copy of which can be obtained from Class Counsel.

By participating in the Settlement and receiving payment of a share of the Net Settlement Amount, you expressly acknowledge that upon the Effective Date of the Settlement, you hereby fully and finally release and discharge VIXR, its parents, subsidiaries, and affiliated corporations and entities, and each of their respective shareholders, officers, directors, agents, employees, partners, attorneys, insurers, ERISA plan administrators, and their respective predecessors, successors, and assigns (collectively referred to as the "Released Parties"), from any and all claims, rights, penalties, demands, damages, debts, accounts, duties, costs (other than those costs required to be paid pursuant to this Settlement Agreement),

liens, charges, complaints, causes of action, obligations, liabilities, or causes of action of any nature or description, including any such claims, whether known or unknown, that were alleged in the First Amended Class Action Complaint filed on April 17, 2014, or which could have been alleged based upon the facts set forth in the Class Action Complaint filed on April 17, 2014 ("Released Claims"), including but not limited to claims under California Labor Code Sections 201, 202, 203, 204, 218, 218.5, 218.6, 226, 226.7, 510, 512, 558, 1194, 1197, 2698 *et seq.*, as well as the applicable California Industrial Welfare Commission Wage Order(s), Business and Professions Code Sections 17200-17208 *et seq.*, and Section 7 of the Fair Labor Standards Act, 29 U.S.C. Section 207. The claims released under this paragraph ("Released Claims") shall include, but not necessarily be limited to, claims for unpaid straight time and overtime wages at the lawful rate of pay, claims for failing to receive duty-free meal periods, or compensation in lieu thereof, unpaid premium pay for missed meal breaks, untimely payment of all owed straight time and overtime wages at the lawful rate of pay, failure to pay all wages owed upon termination of employment, unfair competition, as well as any damages, restitution, disgorgement, civil penalties, statutory penalties, taxes, interest or attorneys' fees resulting therefrom. However, individual claims for non-wage related claims such as for workers' compensation shall be specifically excluded from this release.

### E. FINAL APPROVAL HEARING ON PROPOSED SETTLEMENT

The Final Approval hearing on the fairness and adequacy of the proposed Settlement will be held on May 29, 2015, at 9:00 a.m., United States District Court, Eastern District of California, 510 19th Street, Bakersfield, California 93301. The Final Approval hearing may be continued without further notice. It is not necessary for you to appear at this hearing, unless you have timely filed an objection to the Settlement.

**IF YOU HAVE QUESTIONS ABOUT THIS NOTICE,
PLEASE CALL THE SETTLEMENT CLAIMS ADMINISTRATOR AT (888) 613-5553**

## DO NOT CALL THE COURT